## CITY OF PARIS

### v.

## SPENCER K. HUNTER.

1. DEMAND OF PAYMENT BEFORE SUIT BROUGHT.—Where a person receives money to be paid to another immediately, and if not so paid, it becomes the duty of the party receiving it to return it to the one from whom it was received, and a long time has elapsed since it should have been paid or returned, and no report or accounting has been made respecting it, he will be considered as having appropriated it to his own use, and no demand is necessary before bringing suit.

2. STATUTE OF LIMITATIONS—PART PAYMENT.—An absolute, unqualified return of a part of the money received, is sufficient to take the case out of the statute of limitations.

APPEAL from the Circuit Court of Edgar county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 17, 1882.

Mr. E. W. SNYDER and Messrs. HUNT & DAVIS, for appellant; that an action for money had and received will lie in this case, cited Watson v. Woolverton, 41 Ill. 241; Alderson v. Ennor, 45 Ill. 128; Belden v. Perkins, 78 Ill. 449; Barnes v. Johnson, 84 Ill. 95; Parker v. Fisher, 39 Ill. 164.

No demand was necessary before bringing suit: Tinkham v. Hayworth, 31 Ill. 519.

Mr. R. L. McKINLAY for appellee; that where money is voluntarily paid for another without his request, express or implied, it can not be recovered, cited Ingraham v. Gilbert, 20 Barb. 151; Hall v. Smith, 5 How. (U. S.) 96.

No action can be maintained without there first being a de-

City of Paris v. Hunter.

mand: Bedell v. Janney, 4 Gilm. 193;  Bartlett v. Bd. Ed. 59 Ill. 364;  O. & M. R'y Co. v. Noe, 77 Ill. 513.

Part payment takes a case out of the statute of limitations only where they intended by it to acknowledge and admit the greater debt to be due: United States v. Wilder, 13 Wall. 254; Bell v. Morrison, 1 Pet. 351;  Clementson v. Williams, 8 Cranch, 72;  Lowery v. Gear, 32 Ill. 382;  Carroll v. Forsyth, 69 Ill. 127;  Watchtar v. Albee, 80 Ill. 47.

Municipal corporations are subject to limitation laws: Piatt Co. v. Goodell, 97 Ill. 84;  Logan Co. v. Lincoln, 81 Ill. 156; 2 Dillon on Mun. Corp. § 533.

This was not a trust fund:  Hayward v. Gunn, 82 Ill. 385; The Governor v. Woodworth, 63 Ill. 254;  Cagwin v. Ball, 2 Bradwell, 70.

Davis, J.  This was an action of assumpsit for money had and received, commenced by the city against appellee.

On the 5th day of October, 1875, appellee was a member of the city council and chairman of the committee on streets and alleys, and on that day he received from the treasurer of the city of Paris, the sum of $352.66, with which to pay to Robert Henson, $266.66, and to M. M. Burt, Jr., $86, the amounts agreed upon by them, for the extension of Young street, through their respective premises.

Burt refused to receive the money, and Henson could not make a good title to the land he proposed to sell to the city, and the money remained in the hands of Hunter unaccounted for until the 5th day of July, 1880, when he paid to the city treasurer $225 on the money so received by him.  The balance of $127.66, not having been paid, this action was brought for its recovery.

The case was tried before a jury on the general issue, and an agreement signed by counsel that any evidence might be given under it, which could be given under any plea properly pleaded.

The jury gave a verdict for the defendant below, and on the court overruling a motion for a new trial made by the plaintiff, a judgment was rendered against the city for costs.

The only error assigned by appellant is the action of the court in overruling the motion for a new trial.

Various defenses were set up by appellee to defeat the recovery of the money clearly proved to be due, none of which justified the verdict of the jury. One was that no demand for the money was made by appellant before the commencement of suit. Ordinarily when money is placed in the hands of another for a particular purpose, a demand must be made before a suit can be maintained for its recovery. But in a case like this, where the money in contemplation of the parties was to be paid immediately, and if not so paid it was the duty of the party receiving it to return it to the party from whom received, and a long time has elapsed since it should have been paid or returned and no report or accounting has been made to the party entrusting it, the party receiving it may be considered as having appropriated it to his own use, and no demand was necessary. Bedell v. Janney, 4 Gilm. 193.

Another defense made was, that the demand of appellant was barred by the statute of limitations.

It appears from the record that an absolute unqualified payment of a part of the money received from the city, was made to the city treasurer before the statute had commenced to run.

There was only this one debt due from appellee to the city when the payment was made, and the rule is that part payment of a debt takes the case out of the statute. Mellick v. DeSeelhorst, Breese, 221; Lowery v. Gear, 32 Ill. 383; Carroll v. Forsyth, 69 Ill. 127.

It is insisted however by appellee, that the payment in this case can not have that effect, because at the time it was made appellee claimed that the city was indebted to him in a larger amount than the balance retained. In this he is mistaken. The payment was made to the city treasurer nearly fifteen months before the trial of the cause below, and there is no evidence whatever that at that time any claim was made against the city. So far as shown by the record, the first claim of such indebtedness was made by appellee in a conversation with the mayor some two months before the trial. And as to the merits of such claim the evidence is overwhelming that no such indebtedness existed.

The court erred in overruling the motion of appellant for a new trial, and for that error the judgment must be reversed and the cause remanded.

Judgment reversed.